**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARY F. McKEE**,

                    **Plaintiff,**

         v.                                Civil No. 1:04-CV-1417
                                                      (GLS) (RFT)
**CONTINENTAL CASUALTY**
**COMPANY**,

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR PLAINTIFF:** | |
| Mary F. McKee<br>_Pro Se_<br>15 St. Vincent Avenue<br>Troy, New York 12180 | |
| Peter John Enzien, Esq.<br>566 Second Avenue<br>Troy, New York 12182 | Not Admitted in the Northern<br>District of New York |
| **FOR DEFENDANT:** | |
| Carter, Conboy Law Firm<br>20 Corporate Woods Boulevard<br>Albany, New York 12211 | Kathleen McCaffrey Baynes, Esq. |

**Gary L. Sharpe**
**U.S. District Judge**

**Memorandum-Decision and Order**

I. **Introduction**

Mary F. McKee sued Continental Casualty Company in New York Supreme Court seeking recovery under an insurance policy. *See Not. of Removal, Dkt. No. 1*. Citing diversity, Continental removed the action, and now seeks dismissal as a sanction for pretrial conduct that occurred before Magistrate Judge Randolph F. Treece. *Id.*; *see also Continental Mot., Dkt. No. 11*; FED. R. CIV. P. 37.[1] For the reasons that follow, the motion is denied. However, leave is granted to refile with Magistrate Judge Treece, upon his consent.[2]

II. **Facts**

McKee filed her state action in November 2004, and was represented by Peter John Enzien, Esq., an attorney licensed to practice in New York, but not the Northern District. When Continental removed in December, it served the removal notice on Enzien. *See Dkt. Nos. 1-3*. Consistent with

---

[1] Although Continental's motion is labeled as a motion to dismiss, it is a sanctions motion which seeks dismissal.

[2] The local rules require consent before a nondispositive motion is filed with a magistrate judge. *See* L.R. 7.1(b)(2). This rule governs a sanctions motion even though some sanctions could result in a dispositive order. *Compare* L.R. 7.1(d)(6). Judge Treece may have already granted permission, *see Treece Text Order, Dkt. No. 9*, but Continental should seek further clarification in light of this decision.

2

this district's local rules, the action was co-assigned to this court and Judge Treece, and referred to Judge Treece to manage pretrial litigation. *See* L.R. 16.1, 40.1, 72.2(a). The dual assignment system was also explained in General Order # 25 which was issued when the removal was filed, and subsequently served on Enzien. *See Dkt. No. 4*; *see also* N.D.N.Y. GENERAL ORDER # 25; L.R. 16.1.

Among other duties, Judge Treece was authorized to hold pretrial conferences, including a Rule 16 conference, and to enter scheduling orders, regulate discovery and explore settlement. *See* L.R. 16.1, 72.2(a); *see also* FED. R. CIV. P. 16. Accordingly, a Rule 16 conference was automatically scheduled by General Order #25, and held on March 17, 2005. *See Dkt. No. 4, 6 & Jan. 25 Min. Entry*. Prior to that conference, Continental's attorney and Enzien conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, and agreed that mandatory disclosures would be made by April 29, 2005. *See Proposed Civil Case Management Plan, Dkt. No. 5*; *see also* FED. R. CIV. P. 26(a)(1) (mandatory disclosures). Judge Treece conducted the Rule 16 conference, and issued an order requiring, *inter alia*, that discovery be completed by the following December. *See Dkt. Nos. 6-7*. Neither the conference minutes nor the

3

order reflect that mandatory disclosure was addressed, but that topic is routinely discussed. *See id.*

During the three month interval from removal until the Rule 16 conference, Enzien never filed a notice of appearance as required by Local Rule 83.2. Apparently, his authority to represent McKee was not discussed at the Rule 16 conference. *See Rule 16 Minutes*, Dkt. No. 6.

After the conference, Continental served its mandatory disclosures on April 6, 2005. *See Continental Not. Mot., Chen Aff. ("Chen Aff.") at ¶ 7 & Ex. B, Dkt. No. 11*. McKee did not reciprocate. *Chen Aff. at ¶ 8*. Nonetheless, the parties sought to settle their dispute, but negotiations stalled in July because Enzien failed to communicate with Continental's attorney. *Chen Aff. at ¶¶ 9-10*; *Continental Not. Mot., Exs. C-D, Dkt. No. 11*. Furthermore, Continental warned McKee that the discovery deadline was approaching, and that by failing to serve her mandatory disclosures, she had delayed progress of the case which might result in a Continental motion to dismiss. *Continental Not. Mot., Ex. C, Dkt. No. 11*.

When McKee failed to respond to Continental's entreaties, Continental wrote Judge Treece, and explained the lack of progress as well as McKee's failure to abide by the federal and local rules and Judge

4

Treece's scheduling order. *See Chen Ltr. at 1, Dkt. No. 8*. Continental sought permission "to make a motion to dismiss pursuant to the Federal Rule of Civil Procedure 41." *Id.* In response, Judge Treece issued a "text" order and an "electronic communications" order on July 26, 2005.[3] *See Dkt. Nos. 9-10*.

As relevant, the text order stated:

> ... [T]he discovery deadline expires on December 30, 2005. The Defendant seeks permission to file a Motion to Dismiss for Plaintiff's inexplicable failure to provide mandatory discovery and to respond to discovery demands and an offer of settlement. Apparently, all communications with the Plaintiff have been nonexistent. Dkt. No. 8 Letter Request filed by Continental Casualty Company. Furthermore, the case docket does not reflect any appearance of the Plaintiff's attorney nor any compliance with electronic filing requirements. Based upon all of the foregoing, the Defendant is granted permission to serve and file a Motion pursuant to Federal Rules of Civil Procedure 37.

*Text Order, Dkt. No. 9*. Since Enzien is not an attorney admitted in the Northern District, he is not electronically registered, and the docket fails to reflect whether Judge Treece's text order was ever served on either him or McKee. *See id.*

---

[3] The Northern District is a mandatory electronic filing district, and all attorneys admitted to practice must electronically register. *See* L.R. 5.1.2 & GENERAL ORDER # 22. Text orders are entered, filed and served only in electronic format. On the other hand, an electronic filing order is, in essence, a scofflaw notice that directs the recipient to electronically register, and is a traditional written order served by mail.

5

Although Judge Treece's order recites a series of McKee failures related to pretrial management issues, Continental was apparently unclear as to whether it should file its sanctions motion with the district judge or the magistrate judge. *See* L. R. 7.1(b)(2) & (d); *see also Continental Mot., Dkt. No. 11*. In fact, L.R. 7.1(d)(6), citing Rule 37 of the Federal Rules of Civil Procedure, authorizes a magistrate judge to enter a sanctions order because of discovery abuse.

As pertinent, Judge Treece's electronic filing order provided:

> ... [T]he Plaintiff's attorney has failed to file a Notice of Appearance, leaving the case docket barren of instruction as to who is the attorney of record.
> Therefore it is the Order of the Court that the Plaintiff's attorney shall file with the Clerk of Court a Notice of Appearance ...

*Electronic Filing Order, Dkt. No. 10*. Although the court presumes service, the docket again reflects only that the order was filed not served, and there is no indication that McKee was served. *See id.* Enzien never complied with the order.

On October 12, 2005, Continental electronically filed its motion, and selected the system-generated prompt for "motion to dismiss" rather than "sanctions motion." Consistent with other automatic prompts, it also selected the judge, and set the return, response and reply dates. *See Dkt.*

6

*No. 11.* Continental also filed a certificate demonstrating service on Enzien by mail. *See Dkt. No. 12.* According to the local rules governing motion practice, Enzien's response was due on November 14, 2005. When Enzien failed to comply, this court's courtroom deputy called Enzien's office, and left a message that by local rule, his failure to respond would be deemed as consent to the granting of the motion. *See Dkt., Nov. 15, 2005, Min. Ent.*; *see also* L.R. 7.1(b)(3).

On the following day, Enzien returned the courtroom deputy's call. *See Dkt., Nov. 16, 2005, Min. Ent.* In the vernacular, Enzien "fell on his sword," explaining: he is semi-retired; he took the state case as a favor to his client; he is not admitted in federal court and is totally unfamiliar with the local rules and federal practice; he is "behind on his CLE credits" (presumably referring to New York State's licensing requirements); and that he intended to seek alternative counsel for his client. *Id.* Enzien was instructed to confer with opposing counsel, and submit a letter to the court regarding the status of the case. *Id.*

After two extensions, Enzien filed a letter on November 25, and an affidavit in opposition to Continental's motion. *See Dkt., Nov. 21 & 22, 2005, Min. Ents.*; *see also Enzien Ltr., Dkt. No. 15*; *Enzien Aff., Dkt. No. 16.*

7

In his letter, Enzien reiterated his earlier statements concerning his professional limitations in the federal arena, and further noted that he was not qualified for federal admission. In a concluding paragraph, he stated, *inter alia*: "Plaintiff's claim is meritorious, and she should not be punished for any default on my part ..." *See Enzien Ltr. at 2*. In his accompanying affidavit, he beseeched the court to provide him time to find counsel for McKee.[4] *See Enzien Aff. at ¶ 8*.

## III. Analysis

In several recent decisions, the court has discussed magistrate judge authority in the context of the Northern District's dual assignment system. *See generally Carmona v. Wright*, --- F. Supp. 2d ---, 9:02-CV-884, 2006 WL 172340 (N.D.N.Y. Jan. 25, 2006); *La Grande v. Adecco*, --- F. Supp. 2d ---, 1:03-CV-1453, 2006 WL 205098 (N.D.N.Y. Jan. 26, 2006); *Almonte v. New York State Division of Parole*, --- F. Supp. 2d ---, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006); *Mitchell v. Goord*, 9:03-CV-19, 2005 WL 701096 (N.D.N.Y. Mar. 21, 2005).

All civil litigation is referred to the magistrate judges for pretrial

---

[4] Enzien also opposed Continental's motion, but the court will not consider the substantive merits of his arguments because Enzien is not admitted to practice and cannot represent McKee.

management, and they have broad authority and discretion to regulate pretrial matters. *See Carmona*, 2006 WL 172340, at *6-7 (citations omitted); *Mitchell*, 2005 701096, at *1. Their authority specifically includes the power to sanction both litigants and attorneys for willful violations of court orders and the federal and local rules. *See Carmona,* 2006 WL 172340, at *3-5; *see also La Grande,* 2006 WL 205098, at *1. Of course, a magistrate judge's authority to unilaterally decide dispositive matters is more circumscribed. *See Carmona*, 2006 WL 172340, at *5-6; *see also* 28 U.S.C. § 636(b)(1)(A-C); FED. R. CIV. P. 72(a) & (b); L.R. 72.1(b) & 72.1(c). While magistrate judges may consider dispositive matters, they can only recommend a disposition to the district court. *See* 28 U.S.C. § 636(b)(1)(A-B); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

The Federal Magistrates Act specifically identifies a motion to dismiss as dispositive, but does not classify a sanctions motion as either dispositive or nondispositive. *See* 28 U.S.C. § 636(b)(1)(A). In reality, it is not the designation of the motion that controls, but instead whether the particular sanction imposed disposes of a claim, a defense or the entire litigation. *See Thomas E. Hoar*, 900 F.2d at 525; *American Stock Exchange, LLC v.*

9

*Mopex, Inc.*, 215 F.R.D. 87, 90-91 (S.D.N.Y. 2002); *see also Carmona*, 2006 WL 172340, at *6. As this court has observed, judges have a variety of options in the sanctions arena, *see id.* at *4, and the option selected depends on the underlying conduct, the extent of the offending party's culpability, and whether the offender is the lawyer, the litigant or both. Ultimately, the imposition of an appropriate sanction, if any, is a matter of judicial discretion, and should always be accompanied by a clear statement explaining the sanction selected. *Id.* at *5 (citations omitted).

In this case, the motion should have been designated as one seeking sanctions, not dismissal.[5] The court presumes that Judge Treece intended as much when he authorized a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. The sanctionable conduct, if any, occurred during pretrial events managed by Judge Treece. He should initially evaluate the conduct, and select the sanction, if any, that he deems appropriate under the circumstances. *See Carmona*, 2006 WL 172340, at

---

[5] The court hastens to note that it casts no aspersions on Continental whatsoever. The new electronic filing system sometimes places a burden on attorneys to interpret their filings in light of internal court procedures that reflect nuances best known to the court, not litigants. So too, the court has no doubt that litigants sometimes receive conflicting advice from court personnel and judges themselves. Overall, electronic filing is efficient and serves the best interests of justice, but problems will surface and consequences must be tempered by understanding and education.

10

\*3-5. If he believes a sanction is appropriate, he will exercise his discretion to impose one. If he imposes a nondispositive sanction, he will issue an order to that effect. If he imposes a dispositive sanction, he will issue a report recommending as much.

The sanctions decision is entirely within Judge Treece's discretion, but the court offers a gratuitous observation that the parties and Judge Treece may wish to consider. Mary F. McKee is *pro se* since there has been no appearance on her behalf by an attorney licensed to practice in this district. *See Tindall v. Poultney High School District*, 414 F.3d 281, 284 (2d Cir. 2005). She has a right to prosecute her own action if she wishes. *Id.*; *see also* 28 U.S.C. § 1654. Beyond the assertions in Enzien's affidavit, there is nothing in the docket that reflects McKee's knowledge of Enzien's conduct, and it is certainly apparent that dismissal will prejudice her, not the attorney. While it may be arguable that Enzien's Rule 16 appearance satisfies the "notice of appearance" requirement, *see* L.R. 83.2(a), it is also clear that he has not and, in light of his affidavit, cannot, meet this district's admission requirements. *See* L.R. 83.1. It may be necessary to resolve the representation and knowledge issues before

11

attributing sanctionable conduct to McKee.[6]

## IV. Conclusion

Based upon the foregoing, it is hereby

**ORDERED** that Continental's motion seeking the sanction of dismissal is **DENIED** with leave to refile with Magistrate Judge Treece, upon his consent; and it is further

**ORDERED** that the Clerk serve this Memorandum-Decision and Order on Continental electronically, and on Mary F. McKee and Peter Enzien by regular mail.

**SO ORDERED.**

Date:  February 2, 2006
       Albany, New York

*Gary L. Sharpe*
U.S. District Judge

---

[6]For this reason, the court directs the Clerk to serve this decision and order on McKee and Enzien by regular mail.